## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

               Case No. 19-20057-01-DDC

CORBIE CROW (01),

    Defendant.

### MEMORANDUM AND ORDER

   This matter is before the court on defendant Corbie Crow's Motion to Dismiss (Doc. 21).

Mr. Crow contends the statute he was accused of violating, 18 U.S.C. § 922(g)(3), is void

because it unconstitutionally is vague.  Doc. 21 at 1.  The government has responded (Doc. 23).

For reasons explained below, the court denies Mr. Crow's motion.

### I.  Background

   The government has charged Mr. Crow in a single-count Indictment.  Doc. 6.  The

Indictment charges Mr. Crow with violating 18 U.S.C. §§ 922(g)(3) and 924(a)(2).  *Id.* at 2.

More specifically, the Indictment accuses Mr. Crow of knowingly and unlawfully shipping and

receiving 12 firearms while he knew he was an unlawful user of a controlled substance.  *Id.* at 1–

2.  Mr. Crow filed his Motion to Dismiss on May 6, 2020, well after the court's March 18, 2020

deadline for motions.  *See* Doc. 17 (granting Mr. Crow's Motion for Extension of Time to File

Pretrial Motions).  In a status conference on May 7, 2020, the court granted Mr. Crow's oral

motion to file his Motion to Dismiss out of time and ordered the government to respond by June

5, 2020.  Doc. 22.  On June 24, 2020, the court held oral argument on the motion and took it

under advisement.  Doc. 26.

## II.     Discussion

Mr. Crow moves to dismiss the Indictment because 18 U.S.C. § 922(g)(3) is unconstitutionally vague.  Doc. 21.  Mr. Crow argues that the statute facially is vague and thus violates the Fifth Amendment's Due Process clause.  His argument has two parts.  *First*, he argues the term "unlawful user" of any controlled substance is unconstitutionally vague because it "gives no fair warning or adequate notice as to when someone who has used a controlled substance becomes part of a prohibited class," when they leave the class, or even whether it legally is possible to leave the class.  *Id.* at 10.  Mr. Crow contends that, under *Johnson v. United States*, 135 S. Ct. 2551 (2015), he doesn't have to show that "no set of circumstances exists" under which § 922(g)(3) is valid before making a facial challenge.  *Id.* at 4 (citing *United States v. Cook*, 914 F.3d 545, 551 (7th Cir. 2019)).  *Second*, Mr. Crow argues under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the government must prove that Mr. Crow knew he was an "unlawful user" of a controlled substance.  *Id.* at 2.  Mr. Crow argues that, because the term "unlawful user" is vague, it is impossible for the government to prove that he knew he was in that category of unlawful users.  *Id.* at 5.  The court first addresses Mr. Crow's argument under *Johnson*.

Vagueness challenges are rooted in the Fifth Amendment's Due Process Clause.  Under the Fifth Amendment, the government can't deprive a person of his "life, liberty, or property, without due process of law."  U.S. Const. amend V.  "[T]he [g]overnment violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement."  *Johnson*, 135 S. Ct. at 2556 (citing *Kolender v. Lawson*, 461 U.S. 352, 357–58 (1983)).

Vagueness challenges come in two forms:  facial and as-applied.  Generally, a facial challenge asserts "no application of the statute would be constitutional[.]"  *Sabri v. United States*, 541 U.S. 600, 609 (2004).  In other words, "a plaintiff can only succeed in a facial challenge by 'establish[ing] that no set of circumstances exists under which the Act would be valid,' *i.e.*, that the law is unconstitutional in all of its applications."  *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)).  In contrast, an "as-applied" challenge acknowledges a statute can be applied in a constitutional manner in some cases.  But this challenger asserts that the statute's application to the challenging party's particular circumstances is unconstitutional.  *United States v. Carel*, 668 F.3d 1211, 1217 (10th Cir. 2011) (citations omitted); *N.M. Youth Organized v. Herrera*, 611 F.3d 669, 677 n.5 (10th Cir. 2010) ("The 'as-applied' challenge acknowledges that the law may have some potential constitutionally permissible applications, but argues that the law is not constitutional as applied to [him].").

"To succeed in a typical facial attack, [a defendant] would have to establish 'that no set of circumstances exists under which [the statute] would be valid[.]'"  *United States v. Stevens*, 559 U.S. 460, 472 (2010) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)).  "When reviewing a statute alleged to be vague, courts must indulge a presumption that it is constitutional, and the statute must be upheld unless the court is satisfied beyond all reasonable doubt that the legislature went beyond the confines of the Constitution."  *United States v. Saffo*, 227 F.3d 1260, 1270 (10th Cir. 2000) (citation and internal quotation marks omitted); *see also United States v. Hunter*, 663 F.3d 1136, 1141 (10th Cir. 2011) ("When a court considers a vagueness challenge to a penal statute, it must begin with 'the presumption that the statute comports with the requirements of federal due process and must be upheld unless satisfied

3

beyond all reasonable doubt that the legislature went beyond the confines of the Constitution.'" (quoting *United States v. Welch*, 327 F.3d 1081, 1094 (10th Cir. 2003))). Regardless whether a vagueness challenge is facial or as-applied, "'vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in light of the facts of the case at hand'" and "'[o]ne to whose conduct a statute clearly applies may not successfully challenge it for vagueness.'" *Saffo*, 227 F.3d at 1270 (quoting *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 n.7 (1982)). "A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law." *Vill. of Hoffman Estates*, 455 U.S. at 495.

Mr. Crow purports to make a facial challenge. Doc. 21 at 4. He argues that § 922(g)(3) is "void for vagueness" and, under *Johnson*, he doesn't have to show the statute is vague as-applied to his circumstances. *Id.* at 1, 4. Because he never tries to show "no set of circumstances exists" under which § 922(g)(3) is valid, Mr. Crow's motion depends on the court departing from its earlier ruling in *United States v. Bell*, No. 16-40080-01-DDC, 2017 WL 1479376 (D. Kan. Apr. 25, 2017), where it declined to apply *Johnson* outside the context of the Armed Career Criminal Act ("ACCA") and dismissed a similar motion.

Mr. Crow's reliance on *Johnson* is misplaced. Some background about *Johnson* informs the court's decision. In *Johnson*, the Supreme Court considered whether the ACCA's imposition of a more severe punishment for defendants with "three or more previous convictions for a 'violent felony' . . . survives the Constitution's prohibition of vague criminal laws." 135 S. Ct. at 2555. Under the ACCA's "residual clause," a "violent felony" included "any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Id.* (quoting 18 U.S.C. § 924(e)(2)(B)). Courts applied a "categorical approach" to the "residual

clause" when deciding whether a prior offense was a "violent felony" instead of considering the facts of the defendant's actual offense. *Id.* at 2557. In practice, the "categorical approach" heavily relied on the judge's determination of whether a prior crime *could* involve a risk of force, or "too much risk of physical injury." *Id.* Stated another way, the standard required courts to apply the "violent felony" standard to "an idealized ordinary case of the crime." *Id.* at 2561. The Supreme Court didn't first require the challenged statute to survive an as-applied challenge. *Id.* at 2561–62. The Court noted, "our *holdings* squarely contradict the theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp." *Id.* at 2561. The Supreme Court held that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Id.* at 2563.[1]

In *Bell*, this court considered whether *Johnson* permits a defendant to bring a facial challenge to § 922(g)(3) without first showing it is vague as-applied to him. 2017 WL 1479376, at *4–5. The court followed Judge Robinson's opinion in *United States v. Phommaseng*, where she denied a facial challenge to § 922(g)(3) and "declined to extend *Johnson* beyond the context of the [ACCA]." *Id.* at *5 (citing *United States v. Phommaseng*, No. 15-20006-JAR, 2015 WL 5937595, at *15 (D. Kan. Oct. 12, 2015)). Relying on *Phommaseng*, the court concluded § 922(g)(3) doesn't involve a "categorical approach similar to the one that courts used when applying the [ACCA's] residual clause" and "[t]hus, the vagueness concerns that *Johnson* addressed" were not present. *Id.* at *5. The court searched for cases where courts had extended *Johnson* and allowed a pretrial facial challenge, but found none. *Id.* Instead, the court found two

---

[1]    In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court recently affirmed its reasoning in *Johnson* and held a similar residual clause was unconstitutionally vague. *Id.* at 2325–27, 2333, 2336.

cases where a federal court had rejected a facial challenge to § 922(g)(3).  *Id.* (first citing *United States v. Bramer*, 832 F.3d 908, 909–10 (8th Cir. 2016); and then citing *United States v. Holmes*, No. 15-CR-129, 2016 WL 54918, at *2 (E.D. Wisc. Jan. 5, 2016)).  So, the court declined to consider the defendant's facial attack on § 922(g)(3).  *Id.*

Here, the court again declines to extend *Johnson* beyond the ACCA's residual clause, or other similar residual clauses.  Section 922(g)(3) doesn't involve a categorial approach similar to the one that courts used when they considered the ACCA's residual clause.  Indeed, Mr. Crow cites no case that has extended *Johnson* to find § 922(g)(3) facially unconstitutional.  And, the court's research revealed, since 2017, more courts have rejected similar facial challenges.  *See, e.g.*, *United States v. Cook*, 914 F.3d 545, 549–55 (7th Cir. 2019) (rejecting facial challenge to § 922(g)(3) and holding that *Johnson* didn't "alter the general rule that a defendant whose conduct is clearly prohibited by a statute cannot be the one to make a facial vagueness challenge"), *vacated* 140 S. Ct. 41 (2019);[2] *United States v. Waldo*, No. 19-03117-01-CR-S-RK, 2020 WL 2617134, at *2–3 (W.D. Mo. Jan. 22, 2020) ("Since *Johnson* was decided, however, the Eighth Circuit has held that a defendant must first show that Section 922(g) is vague as applied to his own conduct before he may raise a facial challenge."); *United States v. Stupka*, 418 F. Supp. 3d 402, 406–13 (N.D. Iowa 2019) (concluding "that there are instances in which a facial

---

[2]     Mr. Crow cites *Cook*, contending that he can bring a facial challenge to § 922(g)(3) without first showing the statute is vague as applied to him.  Doc. 21 at 4.  But that isn't what *Cook* held.  In *Cook*, the court considered a vagueness argument about § 922(g)(3).  914 F.3d at 553.  The court acknowledged that *Johnson*'s application wasn't clear in the case.  *Id.*  But the court concluded that the defendant's challenge to § 922(g)(3) presented "a much more routine vagueness challenge" and didn't "call for the court to engage in any abstract analysis[.]"  *Id.*  The court rejected the defendant's vagueness arguments because it wasn't "convinced that [the defendant was] entitled to mount a facial challenge to [§] 922(g)(3)" because *Johnson* didn't change the "general rule that a defendant whose conduct is clearly prohibited by a statute cannot be the one to make a facial vagueness challenge."  *Id.* at 554.  The court notes the Supreme Court recently vacated this judgment and remanded the case "for further consideration in light of *Rehaif v. United States*."  *Cook v. United States*, 140 S. Ct. 41, 41–42 (2019).  But it isn't clear the Supreme Court's remand decision disturbs the court's vagueness analysis.

void-for-vagueness challenge is permissible without regard to an as-applied challenge," but holding that defendant's challenge to § 922(g)(3) was "not one of those instances" because it was "an attack on language, rather than an attack on process"). To present a successful pre-trial facial challenge, Mr. Crow first must show the statute is vague as applied to his conduct. He hasn't even tried to do so here.[3]  *See Stevens*, 559 U.S. at 472. So, the court denies Mr. Crow's facial challenge to the statute.

Next, the *Rehaif* argument. Mr. Crow contends the government must prove that he knew he was in a category prohibited from possessing a firearm (something he asserts is impossible because the statute is vague). Doc. 21 at 9–10. But it isn't clear how the court can consider this issue *before* trial. *Reed*, 114 F.3d at 1070 (holding the district court erred when it considered a vagueness challenge before a trial established the facts). And, even if the court could take up this issue now, it isn't clear that this argument would succeed. *See United States v. Bowens*, 938 F.3d 790, 797–98 (6th Cir. 2019) (rejecting defendants' argument that *Rehaif* required the government to prove that defendants "knew unlawful users of controlled substances were prohibited from possessing firearms under federal law"). To be sure, *Rehaif* requires the government to prove that Mr. Crow knew he possessed a firearm and knew he unlawfully used a controlled substance. 139 S. Ct. at 2200 ("[T]he government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons

---

[3]     Mr. Crow doesn't argue that the statute is unconstitutionally vague as applied to him. Doc. 21 at 7 (noting "Mr. Crow brings a facial, rather than [an] as applied, challenge"). But, even if he presented an as-applied challenge, Tenth Circuit precedent has directed district courts, when confronted with this kind of "challenge at the preliminary stage of the proceedings" to decide the issue after the government has presented its evidence at trial. *United States v. Reed*, 114 F.3d 1067, 1068, 1070 (10th Cir. 1997) ("[T]he district court erred in treating defendant's motion to dismiss as an 'as-applied' challenge when the motion clearly raised only an invalid facial attack.").

barred from possessing a firearm.").  But that is the government's burden at trial, and this case hasn't yet reached that point.  The court thus denies Mr. Crow's motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Crow's Motion to Dismiss (Doc. 21) is denied.

**IT IS SO ORDERED.**

**Dated this 27th day of July 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree _____**
**Daniel D. Crabtree**
**United States District Judge**
